UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEONG-SUK NO,

                Plaintiff,

-against-

USA LWS (NYC); VISA; WEWORK; FTC (FEDERAL TRADE COMMISSION),

                Defendants.

19-CV-11674 (CM)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP") submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is not presently employed, but he fails to answer any of the questions concerning his income and financial situation. Because Plaintiff fails to supply sufficient information about his income, expenses, and any assets he may have, the Court is unable to conclude that he lacks sufficient funds to pay the filing fees for this action.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an amended IFP application. If Plaintiff submits an amended IFP application, it should be labeled with docket number 19-CV-11674 (CM), and address the deficiencies indicated above by providing information to establish that he is unable to pay the filing fees. Plaintiff must answer each question on the amended IFP application, state all sources of income and all monthly expenses, and describe how he is able to support himself. If the Court

grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to transmit this order to Plaintiff and note service on the docket.[1] No summons shall issue at this time. If Plaintiff complies with this order, the Court shall process the case in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: December 26, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)